Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 210819-179835
DATE: August 31, 2021

ORDER

The overpayment based on the retroactive reduction in dependency benefits due to the removal of the Veteran's spouse effective June 1, 2015 was improperly created; the appeal is granted.

FINDINGS OF FACT

1. The Veteran's spouse died in May 2015.

2. The Veteran notified VA of his spouse's death in June 2015, but VA did not reduce the award of additional compensation based on her dependency until April 2021.

CONCLUSION OF LAW

The proper effective date of the reduction in compensation based on the removal of the Veteran's spouse as a dependent was the date of last payment; the creation of an overpayment based on the reduction was improper. 38 U.S.C. § 5112; 38 C.F.R. § 3.500.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran appeals an April 2021 administrative determination of a Department of Veterans Affairs (VA) agency of original jurisdiction (AOJ), which removed the Veteran's deceased spouse as a dependent from his award effective June 1, 2015, and consequently created an overpayment based on the retroactive reduction. He has selected the Direct Review docket. See August 2021 VA Form 10182 (Notice of Disagreement). 

Overpayment of Dependency Compensation 

The AOJ created an overpayment based on a retroactive reduction in compensation based on the removal of the Veteran's spouse from his award effective June 1, 2015. According to an August 2021 higher-level review decision, the amount is $7,562.00. (There are no records from the Debt Management Center in the file regarding the amount of overpayment.) For the following reasons, the Board finds that the overpayment was improperly created, and no debt on that basis exists. 

The Veteran was receiving additional disability compensation based on the dependency of his spouse. See 38 U.S.C. §§ 1115, 1135; 38 C.F.R. § 3.4(b)(2). She died in May 2015. On June 1, 2015, he submitted to a VA regional office (RO) by fax a copy of the death certificate with a cover sheet notifying the RO of his spouse's death and that the death certificate was attached. Inexplicably, the RO responded with a June 2015 letter stating that it had received his June 1, 2015 "intent to file," which "indicated [he] would like to file a claim for compensation." As there is no June 2015 Intent to File, the RO was clearly responding, albeit in an erroneous manner, to the Veteran's June 2015 notice regarding his spouse's death. 

In February 2021, VA sent a letter to the Veteran asking him to confirm the status of his dependents. The letter lists his spouse as a dependent. He responded with an April 2021 supplemental claim application (VA Form 20-0995) which states that he submitted notice of his wife's death to VA on June 1, 2015, and that VA should have removed her from his award at that time. 

In an April 2021 administrative determination, the AOJ removed the Veteran's spouse from his award effective June 1, 2015, and notified him that an overpayment would be created based on the retroactive reduction. This appeal stems from that decision.

The Veteran states that no overpayment should have been created, since the failure to timely remove his spouse from his award was solely due to VA's administrative error. See August 2021 VA Form 10182. The Board agrees.

An overpayment is created when VA determines that a beneficiary or payee has received benefit payments in excess of the amount due or to which such beneficiary or payee is entitled. 38 C.F.R. § 1.962. When VA has determined that a debt is owed based on such an overpayment, and once it has satisfied certain procedural requirements, it may collect the debt by offsetting current or future benefit payments until the debt has been repaid. 38 U.S.C. § 5314; 38 C.F.R. §§ 1.911, 1.912a(a). The debtor, in turn, may challenge the validity or amount of the debt owed, among other things. See 38 C.F.R. § 1.911(c)(1); see also VAOPGCPREC 6-98; Schaper v. Derwinski, 1 Vet. App. 430, 437 (1991). 

The validity of the overpayment, and resultant debt, turns on the proper effective date of the reduction in compensation based on removal of the Veteran's deceased spouse from his award. Therefore, the Board will first review the law regarding effective dates of reductions. 

In general, the effective date of a reduction or discontinuance of an erroneous award of compensation, disability and indemnity compensation (DIC), or pension benefits based on an act of commission or omission by a payee or with a payee's knowledge is the effective date of the award or the day preceding the act of commission or omission of the payee, whichever is later. 38 U.S.C. § 5112(b)(9); 38 C.F.R. § 3.500(b)(1). 

The effective date of a reduction or discontinuance of an erroneous award of compensation, DIC, or pension benefits based solely on administrative error or error in judgment on the part of VA is the date of last payment, with certain exceptions not applicable here. 38 U.S.C. § 5112(b)(10); 38 C.F.R. § 3.500(b)(2). 

The U.S. Court of Appeals for Veterans Claims has held that "the term 'erroneous award' as used in section 5112(b)(9) and (10) includes erroneous payments made subsequent to the initial award." Dent v. McDonald, 27 Vet. App. 362, 374 (2015). In other words, the term "award" in these sections includes both the initial award of benefits and the recurring payments made thereafter. See id. Therefore, these effective date provisions apply to the recurring payments made to the Veteran subsequent to the initial award of increased compensation based on his spouse's dependency. 

If fault for an overpayment cannot "clearly be ascribed to the beneficiary," VA's policy is to assume that fault and not create a debt against the beneficiary. Dent, 27 Vet. App. at 380 (citing VAOPGCPREC 2-90 (March 1990)). However, when both VA and the beneficiary are partially at fault, the debt based on the effective date of reduction or discontinuance of benefits is properly created. See Jordan v. Brown, 10 Vet. App. 171, 174 (1997). 

The effective date of a reduction in compensation benefits based on the death of a dependent of the payee on or after October 1, 1982 is the last day of the month in which the death occurred. 38 C.F.R. § 3.500(g)(2)(ii). 

Here, there is no ambiguity as to whether VA or the Veteran is at fault for the overpayment. He promptly notified VA of his spouse's death on June 1, 2015, less than a month after she died. Therefore, the proper effective date of the reduction should have been June 1, 2015. See id. VA failed to take appropriate action by reducing the award; instead, it sent him a letter regarding a non-existent intent to file a claim for benefits. VA clearly received the Veteran's correspondence, as shown by its June 2015 response and by the fact that the faxed documents show the date they were faxed and that they were sent to a VA claims intake center. There is no indication in the record that the Veteran was on notice, such as through correspondence from VA, that his compensation had not been reduced. Indeed, when he received the February 2021 letter notifying him that his spouse was still listed on the awardthe first such notice of recordhe promptly responded and again notified VA of her death. It was only then that VA processed the reduction. 

Accordingly, as the overpayment was solely due to VA's administrative error in not timely reducing the Veteran's additional compensation based on the dependency of his spouse when it was initially notified of her death, the proper effective date was the date of last payment. See 38 U.S.C. § 5112(b)(10); 38 C.F.R. § 3.500(b)(2). Consequently, the creation of an overpayment based on a retroactive reduction in dependency compensation was improper, and no debt exists. 

The Board expresses its sincere condolences to the Veteran for his loss. 

 

 

P.M. DILORENZO

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Rutkin, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.